[Cite as *Dissell v. Cleveland*, 2019-Ohio-471.]

| | |
|---|---|
| RACHEL L. DISSELL | Case No. 2017-00855PQ |
| Requester | Judge Patrick M. McGrath |
| v. | ENTRY MODIFYING AND ADOPTING RECOMMENDATION OF SPECIAL MASTER |
| CITY OF CLEVELAND | |
| Respondent | |

{¶1} Respondent City of Cleveland (City) objects to a special master's report and recommendation issued on December 14, 2018.

## I. Background

{¶2} On October 19, 2017, pursuant to R.C. 2743.75(D) requester Rachel L. Dissell filed a complaint against the City, alleging that the City had failed to provide requested records pertaining to an amended public-records request. Dissell's amended request asked the City for the following:

> For Jan 1, 2016 – Dec. 31, 2016 and for Jan. 1, 2017 through August 1, 2017 the following electronically collected EMS/Cleveland Division of Fire or Cleveland Police Department records:
> Any records that document Cleveland EMS/ Cleveland Fire Department or Cleveland Police Department units dispatched or called to respond to opioid related overdose calls, including heroin, synthetic opioids, fentanyl, carfentanil or opioid mixtures that include marijuana or cocaine.
> Please include the date and time of the call, location or address of the call, neighborhood (if collected), on scene disposition and/or non-patient identifying narrative.

(Complaint, filed 10/19/17.) The court appointed a special master in the cause. The special master referred the case to mediation pursuant to R.C. 2743.75(E)(1). After mediation failed to successfully resolve all disputed issues between the parties, the court returned the case to the special master's docket.

{¶3} The City answered Dissell's complaint, generally denying the allegations in Dissell's complaint and contending that all non-privileged documents had been produced. The special master issued orders directing the parties to submit additional filings and to file certain documents under seal. See Orders dated July 30, 2018, August 20, 2018, September 11, 2018, October 25, 2018, and November 16, 2018.

{¶4} On December 14, 2018, the special master issued a report and recommendation (R&R) wherein he recommended that the court order the City to provide Dissell with "a copy of the EMS/Fire CAD event summary records, as submitted under seal." The court forwarded a copy of the R&R to the City. According to the court's records, the City received the R&R on December 19, 2018.

{¶5} On December 28, 2018—seven business days after the City received a copy of the R&R—the City filed written objections to the special master's R&R, with the City's counsel certifying that a copy of the City's objections was sent to Dissell's counsel via U.S. certified mail, return receipt requested.

{¶6} The court later sent a copy of the City's objections to Dissell's counsel by certified mail, return receipt requested. According to the court's records, this mail was received on January 8, 2019. Dissell has not timely filed a response to the City's written objections.

## II. Law and Analysis

{¶7} R.C. 2743.75(F)(2) governs objections to a report and recommendation issued by a special master of this court relative to a dispute brought under R.C. 2743.75.

{¶8} The court finds that the City's objections to the R&R are timely filed because, within seven business days after the City received the R&R, the City filed written objections with the court's clerk and, the City, through counsel, sent a copy of the objections to Dissell's counsel by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2).

{¶9} By the City's objections, the City "requests that the Special Master's report and recommendations in regard to summaries be overruled and that it be determined that [the City] has produced all non-privileged documents rendering this request moot." The City submits four objections for the court's determination:

**Objection 1: The Special Master overlooked the Requester's request for specific information regarding a particular medical diagnosis and treatment and instead improperly shifted the burden on Respondent to explain what it could produce and why it felt the records should not be produced.**

**Objection 2: The Special Master improperly ordered the Respondent to compile a summary of medical records that are otherwise privileged.**

**Objection 3: The Special Master's Report utilizes an improper standard while reviewing the confidentiality provisions under federal and state privacy laws.**

**Objection 4: The Special Master incorrectly determined that a Protective Order does not qualify as an exception.**

{¶10} In Dissell's amended request, which is the basis for Dissell's complaint, Dissell seeks records documenting dispatches of "Cleveland EMS/Cleveland Fire Department or Cleveland Police Department units" to opioid related overdose calls, including heroin, synthetic opioids, fentanyl, carfentanil or opioid mixtures that include marijuana or cocaine. The special master, however, found that Dissell "has not shown that records specifying only opioid-related drug overdose calls existed for the time period in the requests." (R&R, 7.) Given an absence of responsive records for the time period at issue, it follows that Dissell has not sustained her burden to establish an entitlement to the requested records by clear and convincing evidence. *See State ex rel. Caster v. Columbus,* 151 Ohio St.3d 425, 2016-Ohio-8394, 89 N.E.3d 598, ¶ 15 (although the Ohio Public Records Act is accorded liberal construction in favor of access to public records, a relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence); *Hurt v. Liberty Twp.,* 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.) (reviewing a case brought pursuant to R.C.

2743.75 under the standard of proof required in cases brought under a mandamus action set forth in R.C. 149.43(C)(1)(b)).

{¶11} It further follows that the City's second objection wherein the City contends that it improperly had been required to compile information has some merit. A public-records custodian generally is not required to create a new record by searching for selected information. *See State ex rel. Morgan v. City of New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 30 (requests for information and requests that require the records custodian to create a new record by searching for selected information "are improper requests" under R.C. 149.43). Because the City's second objection has some merit, the court concludes that it is unnecessary to rule on the City's other objections. *See Capital Care Network of Toledo v. Ohio Dept. of Health*, 153 Ohio St.3d 362, 2018-Ohio-440, 106 N.E.3d 1209, ¶ 31 ("As Chief Justice Roberts has stated, '[I]f it is not necessary to decide more, it is necessary not to decide more.' *PDK Laboratories, Inc. v. United States Drug Enforcement Admin.*, 362 F.3d 786, 799, 360 U.S. App. D.C. 344 (D.C.Cir.2004) (Roberts, J., concurring in part and concurring in judgment)").

### III. Conclusion

{¶12} For reasons set forth above, the court SUSTAINS the City's second objection. The court does not enter rulings on the City's first, third, and fourth objections. The court modifies the special master's R&R and adopts, as modified, the R&R. Judgment is rendered in favor of the City. Court costs are assessed against Dissell. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed January 23, 2019**
**Sent to S.C. Reporter 2/12/19**